UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN JOHNSON #212417,

       Plaintiff,                                    Hon. Jane M. Beckering

v.                                                          Case No. 1:22-cv-1161

MARY ANDERSON, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before me on Defendant Anderson's Motion for Summary Judgment on the Basis of Exhaustion. (ECF No. 20.) Plaintiff filed a response (ECF No. 32), but Defendant Anderson did not reply. Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the motion be **denied.**

**I.   Background**

Plaintiff, a prisoner currently incarcerated with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility (MCF), filed a complaint pursuant to 42 U.S.C. § 1983 on December 7, 2022, against Defendant Anderson and other MDOC employees based on events that occurred at MCF. Following initial review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e(c), Plaintiff's remaining Section 1983 claim is his Eighth Amendment deliberate indifference claim against Defendant Anderson. (ECF Nos. 6 and 7.)

Plaintiff alleges that on November 17, 2020, at 7:00 a.m., he slipped while trying to get down from his top bunk, injuring his back. (ECF No. 1 at PageID.4.) Plaintiff's cellmate reported

the incident to non-party Officers Mackeeken and Miller, who called healthcare and requested a wheelchair. (*Id.*) At 7:30 a.m., Plaintiff received a wheelchair and was taken to healthcare, where he waited "in pain" for nearly two hours. (*Id.*) Plaintiff alleges that at 9:15 a.m., Defendant Anderson told him that she was sending him back to his unit because healthcare had a lot going on at the moment, but healthcare would call him back later when they got around to it. (*Id.*) Plaintiff alleges that he was not seen for his injury until the following day. (*Id* at PageID.5.)

Defendant Anderson now asserts that Plaintiff's claim must be dismissed because he failed to exhaust his administrative remedies.

## II.  Motion Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could

2

find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001)). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### III. Discussion

Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit with respect to prison conditions under 42 U.S.C. § 1983. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA," which the defendant bears the burden of establishing. *Id*. With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion," defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 sets forth the applicable grievance procedure for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to

3

resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue is believed to fall within the jurisdiction of Internal Affairs." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ Q (effective 03/18/2019). If this attempt is unsuccessful (or is inapplicable), the prisoner may submit a Step I grievance. *Id.* The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* The issues asserted in a grievance "should be stated briefly but concisely," and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ S.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ DD. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ HH. The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.*

In support of her motion, Defendant Anderson submits a Step III Grievance Report for Plaintiff dated May 1, 2023, showing all of the grievances Plaintiff pursued through Step III during the relevant period. (ECF No. 21-3.) The report shows that Plaintiff pursued one grievance based on events that occurred at MCF, Grievance MCF-21-01-0069-28E (the 0069 Grievance). (*Id.* at PageID.222.) The 0069 Grievance did not name Defendant Anderson, nor did it concern the events giving rise to Plaintiff's claim against her. Instead, it asserted that P.A. Hoover failed to issue Plaintiff a bottom floor-level room accommodation on November 18, 2020. (*Id.* at PageID.226.) Defendant Anderson contends that, because the grievance failed to name her or complain about

4

her actions on November 17, 2020, Plaintiff failed to properly exhaust his claim against her. She further notes that, because the 0069 Grievance was rejected at Step I and the rejection was upheld at Steps II and III, his grievance also fails to exhaust his claim for this reason. (ECF No. 21 at PageID.206–07.)

Plaintiff does not dispute that the 0069 Grievance did not exhaust his claim against Defendant Anderson. He contends, however, that he exhausted his claim by filing a separate grievance, which he pursued through all three levels. As support, Plaintiff submits Grievance MCF-20-11-1898-12Z (the 1898 Grievance), which he filed on November 17, 2020. (ECF No. 32-1 at PageID.266.) The 1898 Grievance named Defendant Anderson and described the November 17, 2020 events giving rise to Plaintiff's claim. (*Id.* at PageID.267.) The grievance was denied on December 4, 2020. (*Id.* at PageID.270.) Plaintiff filed a Step II appeal on January 5, 2021, which was denied on March 16, 2021. (*Id.* at PageID.271–73.) Plaintiff then filed a Step III appeal on or about March 24, 2021. (*Id.* at PageID.271, 274–75.) Plaintiff states that he waited 60 days for a response to his appeal but never received a response. Therefore, on June 9, 2021, he sent a letter to MCF's grievance coordinator about the lack of a Step III response, but he never received a response to his letter. (ECF No. 33 at PageID.194.)

Given Plaintiff's evidence—showing that Plaintiff pursued the 1898 Grievance through all three levels of the grievance process—Defendant Anderson has failed to carry her summary judgment burden by demonstrating the absence of a genuine issue of material fact that Plaintiff failed to properly exhaust his available administrative remedies. Accordingly, I recommend that Defendant Anderson's motion for summary judgment be denied.

### IV. Conclusion

For the foregoing reasons, I recommend that the Court **deny** Defendant Anderson's motion for summary judgment based on exhaustion (ECF No. 20).

Dated: August 21, 2024 /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).